IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK LUSTER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO DEALER SERVICES, INC., <br><br> Defendant. | Civil Action File No. <br><br> **Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

1. Plaintiff FREDERICK LUSTER ("LUSTER"), on behalf of himself and all others similarly situated, alleges defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by initiating non-emergency telephone calls using an automatic telephone dialing system to cellular telephone numbers without the prior express consent of the subscribers of those cellular telephone numbers.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337 and 47 U.S.C. § 227(b)(3).

1

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's TCPA claim that they form part of the same case or controversy.

4. Venue in this District is proper because the Plaintiff resides here and the Defendants transact business here.

## PARTIES

5. Plaintiff is a natural person who resides in the Northern District of Georgia.

6. Plaintiff is a subscriber for his cellular telephone services for telephone number (404) 379-1970.

7. Defendant WELLS FARGO DEALER SERVICES, INC. is a corporation organized under the laws of the State of California and has regional business centers throughout the United States. [Hereinafter said defendant is referred to as "WFDS"]

8. WFDS may be served by personal service on its registered agent at its registered office in California, to wit: CSC-Lawyers Incorporating Service, 2710 Gateway Oaks, DR, Suite 150N, Sacramento CA 95833.

9. Alternatively, WFDS may be served on an officer or other authorized representative at its Atlanta Local Regional Business Center located at 600 Townpark Ln., Suite 400, Kennesaw, GA  30144 or at the Duluth Regional

Business Center located at 3237 Satellite Boulevard, Bldg. 300, Suite 310, Duluth, GA  30096.

10. WFDS' website as of March 15, 2015 states that it is "one of the largest independent auto finance providers in the nation ....with Regional Business Centers in 47 states across the country."

https://www.wellsfargodealerservices.com/Dealers/AutoFinancing/

11. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

12. In the four year period preceding the filing of this action, WFDS has made telephone calls to Plaintiff's cellular telephone number, (404) 379-1970, in an attempt to collect debt(s) alleged to be owed by two individuals identified in the calls as Krishnan Collier and Jeanetta Snipes, both of which are unknown and unrelated to Plaintiff.

13. The telephone calls were made using a predictive dialer.

14. In some of the telephone calls, defendant left a voice mail message.

15. In such calls where a message was left, there was a pause at the beginning of the message before the WFDS representative began speaking.

16. A pause at the beginning of a message or call is characteristic of predictive dialer technology where the dialer connects a call to a consumer and then connects an agent to the call.

17. Defendants used such software which has the capacity to predictively dial in its telephone calls to telephone number (404) 379-1970.

18. Defendant's call center and dialing infrastructure have the capacity to store a database of telephone numbers.

19. Defendant's call center and dialing infrastructure has the capacity to dial telephone numbers from a stored list either at random or in some sequence.

20. Defendant programs telephone numbers into its dialing system which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

21. Defendant's dialing system has the capacity to dial from a list of telephone numbers without human intervention.

22. The telephone calls to Plaintiff were initiated by Defendant WFDS using an automatic telephone dialing system.

23. Plaintiff never provided permission or consent for WFDS to make the telephone calls to his cellular telephone number.

24. Defendant knew about the TCPA before making the calls to plaintiff and the class, but made these autodialed calls to cellular phones in spite of such knowledge.

25. The telephone calls were intentionally, willfully and knowingly initiated.

26. The telephone calls were not initiated by accident or mistake.

## CLASS ACTION ALLEGATIONS

27. This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by WFDS to (ii) such persons cellular telephone number (iii) using the same or similar telephone system(s) WFDS, or any person on its behalf, used to call (404) 379-1970, (iv) in the four year period preceding the filing of this action; (v) excluded from the class are those persons who provided his or her cell phone number to WFDS as to the debt that was being collected.

28. The exact size of the class is information within the exclusive knowledge of the defendants.

29. The class is so numerous that joinder of all members is impractical.

30. The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) Plaintiff himself received such calls to his cellular telephone from multiple collection agents of WFDS indicating Defendant did not scrub to remove cellular telephone numbers; 2) the very purpose of automated dialers to call numerous persons in a short amount of time; and 3) the sheer size and national scope of WFDS.

31. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether WFDS' dialing system constitutes an automatic telephone dialing system under the TCPA and/or the FCC's rules;

    b. Whether the telephone calls were made knowingly or willfully; and

    c. Whether the TCPA violations in this case were committed in bad faith under Georgia law.

32. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

33. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling TCPA robocall actions and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

34. Certification of the class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendants have acted on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

35. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the

      class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

36. Plaintiff requests certification of a hybrid class pursuant to Fed. R. Civ. P. 23(b)(2) and (3) for monetary damages and injunctive relief.

## CAUSES OF ACTION

## COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

37. The acts of Defendants constitute violations of the Telephone Consumer Protection Act.

38. Defendants' violations of the TCPA include, but are not limited to, the following:

      Making and/or initiating telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

39. As a result of Defendants' actions, Plaintiff and the members of the class are entitled to an award of actual damages or $500.00, whichever is greater, for

8

each such violation and an injunction prohibiting future conduct in violation of the TCPA.

40. Defendants' violations were committed willfully and knowingly.

41. Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. § 227(b)(3).

42. Plaintiff requests, on behalf of himself and the class, that Defendants be enjoined from future TCPA violations.

## COUNT TWO: BAD FAITH ATTORNEYS FEES

43. Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense.  Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendants, as follows:

    A. Certification of this matter to proceed as a class action;

    B. Damages pursuant to 47 U.S.C. § 227(b)(3)(B);

    C. Treble damages pursuant to 47 U.S.C. § 227(b)(3);

D. Injunctive relief 47 U.S.C. § 227(b)(3)(A) preventing future conduct by the defendants in violation of the TCPA;

E. Attorney's fees and litigation expenses of suit pursuant to O.C.G.A. § 13-6-11; and

F. Costs of this Action pursuant to Fed. R. Civ. P. 54; and

G. Such further and additional relief as the court deems just and proper.

Plaintiff herein demands a trial by jury on all issues so triable.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:   /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
133 Mirramont Lake Drive
Woodstock, GA  30189
770 / 427-5600
404 / 601-1855 fax

**BURKE LAW OFFICES, LLC**

Alexander H. Burke
*Application Pro Hac Vice forthcoming*
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

ATTORNEYS FOR PLAINTIFF