**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FREDERICK LUSTER,                    :
on behalf of himself and all         :
others similarly situated,           :
                                     :
          Plaintiff,                 :        Civil Action File No.
                                     :        1:15-cv-01058-TWT
v.                                   :
                                     :
WELLS FARGO DEALER                   :
SERVICES, INC.,                      :
                                     :
          Defendant.                 :
_____    :

**DECLARATION OF ALEXANDER H. BURKE IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

I, Alexander H. Burke, hereby declare as follows:

1.       I am the manager and owner of Burke Law Offices, LLC.  I represent

Plaintiff Frederick Luster in this matter, and I submit this declaration in support of

his motion for preliminary approval of the parties' class action settlement. Except

as otherwise noted, I have personal knowledge of the facts set forth in this

declaration, and could testify competently to them if called upon to do so.

2.       I opened Burke Law Offices, LLC in September 2008.  The firm

concentrates on consumer class action and consumer work on the plaintiff side.

Since the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act, although the firm accepts the occasional action pursuant to the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also sometimes accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

3.    I am regularly asked to speak regarding TCPA issues, on the national level. For example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call claims pursuant to the Telephone Consumer Protection Act for the National Association of Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center ("NCLC") national conferences in 2012, 2013, 2014, 2015 and 2016. I also spoke at a National Association of Consumer Advocates conference regarding TCPA issues in March 2015, and in May 2016, I spoke on a panel concerning TCPA issues at the 2016 Practicing Law Institute Consumer Financial Services meeting in Chicago, Illinois.

4.      I also am actively engaged in policymaking as to TCPA issues, and have had several *ex parte* meetings with various decision makers and staffers at the Federal Communications Commission.

5.      I make substantial efforts to remain current on the law, including class action issues.  I attended the National Consumer Law Center's Consumer Rights Litigation Conference in 2006 through 2016, and was an active participant in the Consumer Class Action Intensive Symposium between 2006 and 2013.  In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

6.      Some notable autodialer TCPA class actions and other cases that my firm has worked on include: *Cross v. Wells Fargo, N.A.*,  1:15-cv-1270, Docket Entry 103 (Feb. 10, 2017 N.D.Ga.) (final approval granted for $30M class settlement where I was lead counsel); *Lowe v. CVS Pharmacy, Inc.*, No. 14 C 3687, 2017 WL 528379 (N.D. Ill. Feb. 9, 2017) (personal jurisdiction motion

3

denied in large TCPA case); *Markos v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-1156-LMM, 2017 WL 416425 (Jan. 30, 2017, N.D.Ga.) (final approval granted for $16M class settlement where I was lead counsel); *Tillman v. The Hertz Corp.*, No. 16 C 4242, 2016 WL 5934094 (N.D. Ill. Oct. 11, 2016) (motion to compel TCPA class case into arbitration denied); *Hurst v. Monitronics Int'l, Inc.*, No. 1:15-CV-1844-TWT, 2016 WL 523385, at *1 (N.D. Ga. Feb. 10, 2016); (motion to compel arbitration denied); *Smith v. Royal Bahamas Cruise Line*, No. 14-CV-03462, 2016 WL 232425 (N.D. Ill. Jan. 20, 2016) (personal jurisdiction motion denied); *Bell v. PNC Bank, Nat'. Ass'n.*, 800 F.3d 360 (7th Cir. 2015) (class certification affirmed in wage and hour case); *Charvat v. Travel Services*, 2015 WL 3917046 (N.D. Ill. June 24, 2015) (determining proper scope of class representative discovery in TCPA case), and 2015 WL 3575636 (N.D. Ill. June 8, 2015) (granting plaintiff's motion to compel vicarious liability/agency discovery in TCPA case); *Lees v. Anthem Ins. Cos. Inc.*, 2015 WL 3645208 (E.D. Mo. June 10, 2015) (finally approving TCPA class settlement where I was class counsel); *Hofer v. Synchrony Bank*, 2015 WL 2374696 (E.D. Mo. May 18, 2015) (denying motion to stay TCPA case on primary jurisdiction grounds); *In re Capital One TCPA Litig.*, No. 11-5886, 2015 WL 605203 (N.D. Ill. Feb. 12, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Wilkins v. HSBC Bank Nevada, N.A.,*

2015 WL 890566 (N.D. Ill. Feb. 27, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Hossfeld v. Government Employees Ins. Co.*, 88 F. Supp. 3d 504 (D. Md. 2015) (denying motion to dismiss in TCPA class action); *Legg v. Quicken Loans, Inc*., 2015 WL 897476 (S.D. Fla. Feb. 25, 2015) (denying motion to dismiss in TCPA case); *Hanley v. Fifth Third Bank*, No. 1:12-cv-1612 (N.D. Ill. Dec. 27, 2013) (final approval for $4.5 million nonreversionary TCPA settlement); *Smith v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 228892, (N.D.Ill. Jan. 21, 2014) (designating me as pursuant to Fed.R.Civ.P. 23(g) interim liaison counsel pursuant to contested motion in large TCPA class case), 2014 WL 3906923 (Aug 11, 2014) (motion to dismiss denied in cutting edge vicarious liability case); *Markovic v. Appriss, Inc*., 2013 WL 6887972 (S.D. Ind. Dec. 31, 2013) (motion to dismiss denied in TCPA class case); *Martin v. Comcast Corp.*, 2013 WL 6229934 (N.D. Ill. Nov. 26, 2013) (motion to dismiss denied in TCPA class case); *Gold v. YouMail, Inc*., 2013 WL 652549 (S.D. Ind. Feb. 21, 2013) (contested motion for leave to amend granted to permit cutting-edge vicarious liability theory allegations); *Martin v. Dun & Bradstreet, Inc.*, No. 1:12-cv-215 (N.D. Ill. Aug. 21, 2012) (Denlow, J.) (certifying litigation class and appointing me as sole class counsel) (final approval granted for $7.5 million class settlement granted January 16, 2014); *Desai v. ADT, Inc.*, No. 1:11-cv-1925 (N.D. Ill. June

21, 2013) (final approval for $15 million TCPA class settlement granted); *Martin v. CCH, Inc.*, No. 1:10-cv-3494 (N.D. Ill. Mar. 20, 2013) (final approval granted for $2 million class settlement in TCPA autodialer case); *Swope v. Credit Mgmt., LP*, 2013 WL 607830 (E.D. Mo. Feb. 19, 2013) (denying motion to dismiss in "wrong number" TCPA case); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) (denying motion to dismiss TCPA case on constitutional grounds); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681(N.D. Ill. Aug 21, 2011), *aff'd*, 679 F.3d 637 (7th Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited to litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at Law, LLC*, 2011 WL 2356390 (N.D. Ill. Jun 14, 2011); *Martin v. Bureau of Collection Recovery*, 2011WL2311869 (N.D. Ill. June 13, 2011) (motion to compel TCPA class discovery granted); *Powell v. West Asset Mgmt., Inc.,* 773 F. Supp. 2d 898 (N.D. Ill. 2011) (debt collector TCPA defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief may be granted); *Fike v. The Bureaus, Inc.*, 09-cv-2558 (N.D. Ill. Dec. 3, 2010) (final approval granted for $800,000 TCPA settlement in autodialer case against debt collection agency); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500 (N.D. Ill. Dec. 16, 2009) (Fed. R. Civ. P. 72 objections overruled in toto), 2010 WL 308975 (N.D.

6

Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class).

7.     Before I opened Burke Law Offices, LLC, I worked at two different plaintiff boutique law firms doing mostly class action work, almost exclusively for consumers. Some decisions that I was actively involved in obtaining while at those law firms include: *Cicilline v. Jewel Food Stores, Inc*., 542 F. Supp. 2d 831 (N.D. Ill. 2008) (FCRA class certification granted); 542 F. Supp. 2d 842 (N.D. Ill. 2008) (plaintiffs' motion for judgment on pleadings granted);  *Harris v. Best Buy Co.*, No. 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D. Ill. Mar. 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc*., 248 F.R.D. 210 (N.D. Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc*., 249 F.R.D. 290 (N.D. Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (FCRA class certification granted); *aff'd upon objection* (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc*., 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp., C.A*. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts

consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D. Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc*., Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D. Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, No. 2:03 cv 498, 226 F.R.D. 328 (N.D. Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D. Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, Nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), *aff'd*, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, No. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

8.      I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of

Illinois, and was a research assistant to adjunct professor Hon. Michael J. Howlett, Jr.

9.      I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

10.      I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the First, Second, Seventh, Eighth, and Eleventh Circuits, as well as the Northern, Central, and Southern Districts of Illinois, Eastern and Western Districts of Wisconsin, Northern and Southern Districts of Indiana, the District of Nebraska, and the Western District of New York. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association, and the American Bar Association, as well as the National Association of Consumer Advocates.

11.      In my view and experience, this is a good settlement. All participating class members will receive an equal share of the settlement fund per valid claim after deducting the costs of notice and claims administration, attorneys' fees and

expenses subject to the Court's approval, and an incentive award to Plaintiff Luster, subject to the Court's approval.

12.    None of the settlement fund will revert back to Wells Fargo.

13.    The parties reached their settlement following meaningful exchanges of documents and briefs, with the assistance of a respected mediator—Hunter Hughes—and after considering the risks, uncertainties, burden, and expense associated with continued litigation. The settlement was informed by the production of the parties exchanged thousands of pages of documents, and briefing by the parties for settlement purposes regarding the strengths and weaknesses of their respective positions. Plaintiff's counsel required information regarding the size and scope of the putative class as a condition precedent to mediation, which is subject to confirmatory discovery under the settlement. Agr., at ¶ 4.01.

14.    Mr. Hughes was instrumental in assisting the parties reach an agreement in this case, which was finalized only after months of substantive back-and-forth between the parties and their counsel.

15.    Given the meaningful recovery for the class that results from the parties' settlement—which is well in line with other TCPA class action settlements against financial institutions—and considering the serious risks associated with continuing to litigate this matter, my co-counsel and I firmly believe that the

settlement is fair, reasonable, and adequate, and that it far outweighs the delay and considerable risk attendant to proceeding with this matter in a contested fashion.

16.     Prior to agreeing to use KCC Class Action Services, LLC as the claims administrator in this matter, co-counsel and I considered bids from several settlement administration companies.

17.     Thereafter, co-counsel and I engaged in further negotiations, over the course of several weeks, to obtain the best price available for the administration of claims in this matter, given the notice plan required. The final bid for notice and admin was substantially lower than the initial bid we received, and there were several rounds of competitive bidding for this matter.

18.     Attached to this declaration is a true and correct copy of the settlement agreement and its exhibits.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of February, 2017, in Evanston, Illinois.


/s/Alexander H. Burke

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Plaintiff Frederick Luster ("Plaintiff" or "Luster"), for himself and the Settlement Class Members (as defined below), on the one hand, and Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), on the other hand. Plaintiff and Defendant are referred to collectively in this Settlement Agreement as the "Parties."

## I.     RECITALS

**1.01**     On April 8, 2015, Luster filed a class action in the Northern District of Georgia against Wells Fargo entitled *Luster v. Wells Fargo Dealer Services, Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.) (the "Action").

**1.02**     Luster alleges that Wells Fargo violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cellular telephones in connection with automobile financing, without his prior express consent and that of putative class members.

**1.03**     Wells Fargo denies all material allegations in the Action. Wells Fargo specifically disputes that it used an automated dialer or artificial or prerecorded voice messages to contact Plaintiff or putative class members without their prior express consent; that it violated the TCPA; or that Plaintiff and putative class members are entitled to any relief from Defendant. Wells Fargo further contends that the Action is not amenable to class certification. Nevertheless, given the risks, uncertainties, burden and expense of continued litigation, Defendant has agreed to settle this litigation on the terms set forth in this Agreement, subject to Court approval.

**1.04**     This Settlement Agreement resulted from good faith, arm's-length settlement negotiations, including an in-person negotiation as well as numerous telephonic conferences with Hunter R. Hughes, an experienced and well-respected private mediator. The Parties submitted detailed mediation submissions to Mr. Hughes setting forth their respective views as to the strengths of their cases. Additionally, Plaintiff has reviewed documents and data that Defendant has produced, and deposition transcripts from a previous related action against Wells Fargo.

**1.05**     Based on their investigation and the negotiations described above, and assuming that the information currently known to Plaintiff is confirmed through additional discovery to be conducted as described in Section 4.01 below, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by class members pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

**1.06**     The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any party to this Settlement Agreement.  The Parties desire and intend to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.07**     The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## II.     DEFINITIONS

**2.01**     "Action" means the class action filed in the Northern District of Georgia against Wells Fargo entitled *Luster v. Wells Fargo Dealer Services, Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.).

**2.02**     "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

**2.03**     "Approved Claims" means claims that have been validly completed, timely submitted, and approved for payment.

**2.04**     "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2

**2.05**    "Call" or "Calls," consistent with applicable regulations and legal authority interpreting the TCPA, means and includes voice calls, artificial or prerecorded voice calls, and SMS/text messages.

**2.06**    "Cash Award" means a cash payment to an eligible Settlement Class Member.

**2.07**    "Claim Form" means the claim form substantially in the form attached hereto as Exhibit A.

**2.08**    "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

**2.09**    "Claims Period" means the 90-day period that begins on the Settlement Notice Date.

**2.10**    "Claims Administrator" means ~~Garden City Group~~, KCC Class Actions Services, LLC subject to Court approval.

**2.11**    "Class Counsel" means and includes: Lieff Cabraser Heimann & Bernstein, LLP; Burke Law Offices, LLC; Greenwald Davidson Radbil PLLC; Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and Hyde & Swigart.

**2.12**    "Class Notice" or "Notice" means the notice specified in Section VIII of this Settlement Agreement including, without limitation, mail notice, and internet publication notice. Notice shall be substantially in the forms attached hereto collectively as Exhibit C, subject to the Court's approval.

**2.13**    "Class Period" means April 1, 2011 to March 30, 2016.

**2.14**    "Class Representative" means Frederick Luster.

**2.15**    "Court" means the United States District Court for the Northern District of Georgia, and U.S. District Judge Thomas W. Thrash, Jr., to whom the Action has been assigned.

**2.16**    "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement pursuant to Section 7.04.f.

**2.17**    "Effective Date" means the date on which the Judgment has become final as provided in Section 12.01.

**2.18**    "Final Approval Hearing" means the hearing held by the Court to determine

3

whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable and adequate, sometimes referred to herein as the "Fairness Hearing."

    **2.19**   "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit B.

    **2.20**   "Final Class Size" means the number of unique cellular telephone numbers used or subscribed to by members of the class to which Wells Fargo made or initiated Calls during the Class Period using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records, after any adjustments described in Section 4.01 and Section 4.02.

    **2.21**   "Final Distribution Date" means the earlier of (i) the date as of which all the checks for Cash Awards have been cashed, or (ii) 210 days after the date on which the last check for a Cash Award was issued.

    **2.22**   "Funding Date" means twenty (20) business days after the Effective Date.

    **2.23**   "Notice Databases" means the databases containing Settlement Class Members' information Defendant has provided pursuant to Section 7.02.

    **2.24**   "Objection Deadline" means sixty (60) days from the Settlement Notice Date.

    **2.25**   "Opt-Out Deadline" means sixty (60) days from the Settlement Notice Date.

    **2.26**   "Preliminary Approval Order" means the order by the Court granting preliminary approval to this settlement, substantially in the form attached hereto as Exhibit D.

    **2.27**   "Preliminary Class Size" means the Parties' good faith estimate of the number of unique cellular telephone numbers used or subscribed to by Settlement Class Members to which Wells Fargo made or initiated Calls during the Class Period using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records. As of the date of the execution of this Agreement, the Preliminary Class Size is 3,385,048, which is subject to the confirmatory discovery to be conducted pursuant to Section 4.01.

**2.28**   "Released Claims" means the releases identified in Section 13.

**2.29**   "Released Parties" means Wells Fargo and each of its respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, assigns, or related entities, and each of their respective executors, successors, and legal representatives. "Released Parties" specifically includes all corporate affiliates of Wells Fargo related to its automobile financing line of business, including but not limited to Wells Fargo Dealer Services, and all entities with which Wells Fargo contracts to obtain representatives to place calls.

**2.30**   "Settlement" or "Settlement Agreement" means this Agreement between Plaintiff and Defendant and each and every exhibit attached hereto.

**2.31**   "Settlement Class" means all users or subscribers to a wireless or cellular telephone service within the United States who used or subscribed to a phone number to which Wells Fargo Dealer Services made or initiated any collection Call during the Class Period, in connection with an automobile retail installment sale contract, using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records.

**2.32**   "Settlement Class Members" means those persons who are members of the Settlement Class, as set forth in the definition in Section 2.31 above, and who do not timely and validly request exclusion from the Settlement Class. Wells Fargo and any affiliate or subsidiary of Wells Fargo, and any entities in which any of such companies have a controlling interest, are also excluded from the Settlement Class.

**2.33**   "Settlement Costs" means all costs incurred by Plaintiff, the Class and their attorneys, including but not limited to Plaintiff's attorneys' fees, costs of suit, Plaintiff's expert or consultant fees, reasonable expenses incurred in connection with the prosecution of the Action, any incentive payments paid to the Class Representative, notice costs, costs of claims

5

administration and all other costs of administering the settlement.

**2.34** "Settlement Fund" means the non-reversionary cash sum that Wells Fargo will pay to settle this Action and obtain a release of all Released Claims, as calculated in Section 4.03 below.

**2.35** "Settlement Notice Date" means fifteen (15) days after an Order Granting Preliminary Approval is issued.

**2.36** "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 8.03.

**2.37** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

**2.38** "Wells Fargo" means Wells Fargo Bank, N.A., and its division Wells Fargo Dealer Services.

**2.39** "Wells Fargo Dealer Services" means Wells Fargo Dealer Services, a division of Wells Fargo Bank, N.A., which engages in the retail financing of automobile purchases.

### III.    <u>BOTH SIDES RECOMMEND APPROVAL OF THE SETTLEMENT</u>

**3.01**    <u>Defendant's Position on the Conditional Certification of Settlement Class.</u>
Defendant disputes that a class would be manageable or that common issues predominate over individual ones, and further denies that a litigation class properly could be certified on the claims asserted in this Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification for <u>settlement purposes only</u> of the Settlement Class. Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in this Action. No

agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiff, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

**3.02** Plaintiff's Belief in the Merits of Case. Plaintiff believes that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

**3.03** Plaintiff Recognizes the Benefits of Settlement. Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Plaintiff has concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiff and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Class to settle as described herein.

## IV. SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

**4.01** Confirmatory Discovery: As soon as practicable after entering into this agreement, Plaintiff will conduct reasonable, mutually agreeable confirmatory discovery regarding the size of the class and the methods used by Wells Fargo to compile the list of numbers dialed. The Parties agree that this discovery shall be used for the sole purpose of settlement, and the information provided as part of this confirmatory discovery process will not be used for any other purpose.

**4.02** Final Determination of the Class Size: If the confirmatory discovery described in Section 4.01 confirms that the number of unique cellular telephone numbers used or subscribed

7

to by Settlement Class Members is no greater than 110% of Preliminary Class Size, the number confirmed by the Parties during this process shall be the Final Class Size. If the number of unique cellular telephone numbers used or subscribed to by Settlement Class Members exceeds the Preliminary Class Size by an amount greater than 10%, then the Parties agree to negotiate in good faith in an effort to reach an agreement regarding the scope of the class to be included in this settlement, and the Final Class Size will be determined based on the Parties' agreement regarding the scope of the class; the other terms of this Settlement Agreement shall not be subject to renegotiation.

   **4.03** <u>Monetary Consideration</u>.  Wells Fargo shall pay an amount equal to $4.65 times the Final Class Size, after eliminating cellular telephone numbers associated with Settlement Class Members who excluded themselves from the settlement as set forth in Section 10, to settle this Action and obtain a release of all Released Claims.  This sum will be used to pay Approved Claims and any Settlement Costs.  Under no circumstances shall Wells Fargo be required to pay any amount in excess of this sum in order to resolve the Action and obtain releases from Plaintiff and Settlement Class Members.

   **4.04** <u>Eligibility for Cash Awards</u>.  Cash Awards shall be made to eligible Settlement Class Members who make valid and timely claims.  Each Settlement Class Member shall be entitled to make one claim for a Cash Award per associated unique cellular telephone number Called, according to Wells Fargo's available records.

   **4.05** <u>Amount Paid per Claim</u>.  Each Settlement Class Member who makes a valid and timely claim shall receive a Cash Award.  The amount of each Cash Award shall be determined by the following formula: (Settlement Fund − Settlement Costs) ÷ (Total Number of Valid and Timely Claims) = Cash Award.  Therefore, the Cash Award for each Settlement Class Member who makes a valid and timely claim is the Settlement Class Member's pro rata share of the total payments to Settlement Class Members.

**V.**  **<u>ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVE</u>**

   **5.01** <u>Class Representative and Class Counsel Appointment</u>.  For settlement purposes,

and subject to Court approval, Luster is appointed as the Class Representative for the Settlement Class.

**5.02** Attorneys' Fees and Costs. Class Counsel shall move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund. Class Counsel shall be entitled to payment of the fees awarded by the Court out of the Settlement Fund as set forth in Section 7.04. This Settlement will be binding and enforceable regardless of whether the Court approves the attorneys' fees and costs sought by Class Counsel. In addition, no interest will accrue on such amounts at any time.

**5.03** Payment to the Class Representative. The Class Representative will ask the Court to award him an incentive payment for the time and effort he has personally invested in the Action on behalf of the Settlement Class, including but not limited to declining an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Defendant shall not object to such incentive payment to be paid to Luster, provided that the incentive payment does not exceed $20,000, subject to Court approval. Within five (5) days of the Funding Date, and after receiving a W-9 form from Luster, the Claims Administrator shall pay to Class Counsel the amount of incentive payment awarded by the Court, and Class Counsel shall disburse such funds. Court approval of any incentive payment, or its amount, is not a condition of the Settlement.

**5.04** Settlement Independent of Award of Fees, Costs and Incentive Payments. The payments of attorneys' fees, costs and incentive payment set forth in Sections 5.02 and 5.03 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members. However, this Settlement is not dependent or conditioned upon the Court's approving Plaintiff's request for such payment or awarding the particular amount sought by Plaintiff. In the event the Court declines Plaintiff's request or awards less than the amount sought, this Settlement shall continue to be effective and enforceable by the Parties.

## VI.    **PRELIMINARY APPROVAL**

**6.01** Order of Preliminary Approval. As soon as practicable after the execution of this

9

Agreement, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D.  Pursuant to the motion for preliminary approval, Plaintiff will request that:

      a.    the Court conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only;

      b.    the Court preliminarily approve the Settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

      c.    the Court approve the form(s) of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

      d.    the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

      e.    the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

## VII.    ADMINISTRATION AND NOTIFICATION PROCESS

**7.01**    <u>Third-Party Claims Administrator</u>.  The Claims Administrator shall be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud or noncompliance, directing the mailing of Cash Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing.  The Claims Administrator will provide monthly updates on the claims status to counsel for all Parties.

**7.02**    Notice Databases. To facilitate the notice and claims administration process,

Wells Fargo will provide to the Claims Administrator and to Class Counsel within 45 days of the

determination of the Final Class Size, in an electronically searchable and readable format, Notice

Databases which include the names, last known mailing addresses and cellular telephone

numbers called for all known members of the Settlement Class, as such information is contained

in the reasonably available computerized account Wells Fargo maintains.  If any of the terms of

this Settlement relating to the Claims Administrator's services would unreasonably hinder or

delay such processes or make them more costly, the Claims Administrator shall so advise the

Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to

carry out the intent of this Settlement Agreement. Any personal information relating to members

of the Settlement Class provided to the Claims Administrator or Class Counsel pursuant to this

Settlement shall be provided solely for the purpose of providing notice to members of the

Settlement Class and allowing them to recover under this Settlement; shall be kept in strict

confidence; shall be used only for purposes of this Settlement; and shall not be disclosed to any

third party.

**7.03**    Payment of Notice and Claims Administration Costs.  Wells Fargo shall pay the

reasonable costs of notice and settlement administration that are incurred prior to the creation of

the Settlement Fund, and Wells Fargo will be given credit for all such payments which shall be

deducted from the Settlement Fund as set forth below.  The Claims Administrator shall provide

the Parties with an estimate of the costs of sending notice, establishing the Settlement Website

and establishing a toll-free telephone number, as well as any other initial administration costs.

Wells Fargo shall pay the estimated amount to the Claims Administrator within ten (10) days

after the entry of the Preliminary Approval Order.  After that upfront payment of administration

costs by Wells Fargo, the Claims Administrator shall bill Wells Fargo monthly for any

reasonable additional costs of settlement administration, until such time as the Settlement Fund is

established.  Any amounts paid by Wells Fargo for the estimated costs of administration which

are not incurred by the Claims Administrator shall be used for other administration costs, or shall

be deducted from future billings by the Claims Administrator. The Claims Administrator shall maintain detailed records of the amounts spent on the administration of the Settlement and shall provide those to the Parties monthly. At such time that Wells Fargo funds the Settlement Fund, all amounts previously paid to the Claims Administrator by Wells Fargo shall be deducted from the total payment which it is required to pay to create the Settlement Fund under Section 4.03. After Wells Fargo has created the Settlement Fund, Wells Fargo shall have no further obligation to pay any amount under this Settlement Agreement, and any additional Settlement Costs shall be paid out of the Settlement Fund.

      **7.04**    <u>Distribution of the Settlement Fund</u>. The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

      a.    first, no later than five (5) days after the Funding Date, the Claims Administrator shall pay to Class Counsel the attorneys' fees, costs, and expenses ordered by the Court as set forth in Section 5.02;

      b.    next, no later than five (5) days after the Funding Date, the Claims Administrator shall pay to Plaintiff any incentive award ordered by the Court, as described in Section 5.03;

      c.    next, no later than twenty (20) days after the Funding Date, the Claims Administrator shall be paid for any unreimbursed costs of administration incurred;

      d.    next, no later than thirty (30) days after the Funding Date, the Claims Administrator shall pay the Cash Awards to eligible Settlement Class Members pursuant to Section 9;

      e.    next, if checks that remain uncashed after 210 days of the first pro rata distribution yield an amount that, after administration costs, would allow a further pro rata distribution to the qualifying claimants equal to or greater than $1.00 per qualifying claimant, the Claims Administrator shall distribute any such funds on a pro rata basis to Settlement Class Members who cashed settlement checks. Redistributions shall be made until, after

12

administrative costs, checks would be less than $1.00.

f.      finally, after pro rata distributions are completed, the uncashed amount will be paid to the mutually agreeable *cy pres* recipient, subject to Court approval.  Any *cy pres* recipient of unclaimed funds shall be a non-profit organization, and no Party shall have a financial interest in such organization.  If, for any reason, the Parties determine that an organization is no longer an appropriate recipient, or the Court determines that a proposed recipient is not or is no longer an appropriate recipient, the Parties shall agree on a replacement recipient of such monies, subject to Court approval.

## VIII.      NOTICES

**8.01**    Timing of Class Notice.  Class Notice shall be provided to all persons in the Settlement Class within twenty-five (25) days following entry of the Preliminary Approval Order as described herein.

**8.02**    Mailing of Settlement Notice.  The Claims Administrator shall send the Settlement Notice via first class mail, to the most recent mailing address as reflected in Wells Fargo's reasonably available computerized account records.

a.      Address Confirmation.  The last known address of persons in the Settlement Class will be subject to confirmation or updating as follows: (a) the Claims Administrator will check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator will conduct a reasonable search to locate an updated address for any person in the Settlement Class whose Settlement Notice is returned as undeliverable; (c) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; and, (d) the Claims Administrator shall update addresses based on any requests received from persons in the Settlement Class.

b.      Re-Mailing of Returned Settlement Notices.  The Claims Administrator shall promptly re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.  The Claims Administrator may perform skip tracing for

13

returned mail.

      c.     Costs Considered Settlement Costs. All costs of address confirmation, skip tracing, and re-mailing of returned Settlement Notices will be considered Settlement Costs and deducted from the Settlement Fund.

**8.03**   Internet Notice. By the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated Settlement Website containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form members can download, complete and submit electronically. At a minimum, such documents shall include the Settlement Agreement and attached exhibits, Mail Notice, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint, and when filed, the Final Approval Order. The Settlement Website shall remain operative until the date of the *cy pres* distribution. In addition, the Claims Administrator shall design and conduct a targeted notice program limited to automobile-related websites frequented by automobile owners, which must be approved by both Parties. This publication notice shall run for the first twenty-one (21) days of the Claims Period.

**8.04**   Toll-Free Telephone Number. Within ten (10) days of Preliminary Approval, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement may be reviewed on the related Settlement Website.

**8.05**   Press Release. After preliminary approval, Plaintiff will issue a neutrally worded press release, the contents of which have been agreed to in advance by all Parties. The purpose of the press release is to facilitate Class Members learning about the Settlement through internet searches, and to provide instructions on how they may obtain additional information about the Settlement. The press release will announce that the Action has been settled, and will include the

14

URL for the dedicated Settlement Website through which Class Members can obtain relevant information.

**8.06**    CAFA Notice. Wells Fargo and/or the Claims Administrator shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Preliminary Approval Motion.

## IX.    CLAIMS PROCESS

**9.01**    Potential Claimants. Each member of the Settlement Class who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and entitled to make a claim. Each Settlement Class Member shall be entitled to make one claim per associated unique cellular telephone number Called regardless of the number of times the Settlement Class Member was Called.

**9.02**    Conditions for Claiming Cash Award. To make a claim, Settlement Class Members must submit by the Claims Deadline a valid and timely Claim Form by U.S. mail, through the Settlement Website, or through the toll-free telephone number, which shall contain the information set forth in Exhibit A hereto, including the Settlement Class Member's (1) name; (2) current address; (3) cellular phone number(s) called: (4) certification that the claimant was called by Wells Fargo Dealer Services on the identified cellular number(s) without consent; (5) certification that the claimant was called by Wells Fargo Dealer Services in connection with an automobile retail installment sale contract; (6) where applicable, and if known, the identification code of the Mail Notice; and (7) contact telephone number. If a Settlement Class Member fails to fully complete a Claim Form, the Claim Form will be invalid. Any Settlement Class Member who submits an incomplete or inaccurate Claim Form shall be permitted to re-submit a Claim Form within 35 days of the sending of notice of the defect by the Claims Administrator. Class Counsel shall be kept apprised of the volume and nature of defective claims and allowed to communicate with Settlement Class Members as they deem appropriate to cure such deficiencies.

**9.03**    Mailing of Settlement Check. Settlement checks shall be sent to qualified class

members by the Claims Administrator via U.S. mail no later than thirty (30) days after the Funding Date. If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator shall advise Class Counsel and counsel for Defendant of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each settlement check will be negotiable for one hundred eighty (180) days after it is issued.

## X.    OPT-OUTS AND OBJECTIONS

**10.01**   Opting Out of the Settlement. Any members of the Settlement Class who wish to exclude themselves from the Settlement Class must advise the Claims Administrator in writing of that intent, and their opt out request must be postmarked no later than the Opt-Out Deadline.

**10.02**   Deadline. The Claims Administrator shall provide the Parties with copies of all opt-out requests it receives, and shall provide a list of all Settlement Class Members who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 11.01. The declaration shall include the names of persons who have excluded themselves from the Settlement but shall not include their addresses or any other personal identifying information. Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases in Section 13 below.

a.    In the written request for exclusion, the Settlement Class Member must state his or her full name, address, and telephone number. Further, the Settlement Class Member must include a statement in the written request that he or she wishes to be excluded from the Settlement.

b.    Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

16

**10.03**   Objections.  Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline.  In the written objection, the Settlement Class Member must state his or her full name, address, and current telephone number, the cellular telephone number(s) Wells Fargo allegedly called, the reasons for his or her objection, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.  Any and all objections shall identify any lawyer who assisted, provided advice, or represents the objecting Settlement Class Member as to this case or such objection.  Any documents that the objecting Settlement Class Member wishes for the Court to consider must also be attached to the objection.

**10.04**   Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## XI.   FINAL APPROVAL AND JUDGMENT ORDER

**11.01**   No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02**   If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

      a.     The Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit B, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

      b.     Class Counsel and/or Defendant may file a memorandum addressing any objections submitted to the Settlement.

**11.03**   At the Final Approval Hearing, the Parties will ask the Court to consider and determine whether the provisions of this Agreement should be approved, whether the Settlement

17

should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representative should be approved, and whether a judgment finally approving the Settlement should be entered.

    **11.04** This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

        a.     finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1);

        b.     finds that Settlement Class Members have been adequately represented by Plaintiff and Class Counsel;

        c.     finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the release in Sections 13.01 and 13.02, and the covenant not to sue in Section 13.04, and that this Settlement Agreement should be and is approved;

        d.     dismisses on the merits and with prejudice all Released Claims of the Settlement Class Members;

        e.     permanently enjoins each and every Settlement Class Member from bringing, joining or continuing to prosecute any Released Claims against Defendant or the Released Parties; and

        f.     retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

**XII.**    **FINAL JUDGMENT**

    **12.01** The judgment entered at the Final Approval Hearing shall be deemed final:

        a.     Thirty (30) days after entry of the judgment approving the Settlement if no document is filed within that time seeking appeal, review, or rehearing of the judgment; or

        b.     If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated

in such a manner as to permit the judgment to take effect in substantially the form described in Section 11.04.

## XIII.   RELEASE OF CLAIMS

**13.01**   Released Claims.  Plaintiff and each Settlement Class Member, as well as their respective assigns, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from the Released Claims.  The release does not apply to members of the Settlement Class who timely opt-out of the Settlement. "Released Claims" mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate to the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with an automobile retail installment sale contract during the Class Period. Notwithstanding the above, the Parties agree that any claims arising from any Call to the extent it had a telemarketing purpose are not released.  Nothing in the Settlement shall be construed as a waiver of Class Members' rights to contact, in any way or for any purpose, any state or federal agency regarding the activities of any party.

**13.02**   Waiver of Unknown Claims.  Without limiting the foregoing, the Released

19

Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**13.03**   Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**13.04**   <u>Covenant Not To Sue</u>. Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims, and agree to be forever barred from doing so in any court of law or equity, arbitration proceeding, or any other forum. However, nothing herein is intended to restrict any Settlement Class member from contacting, assisting or cooperating with any government agency.

## XIV.   TERMINATION OF AGREEMENT

**14.01**   <u>Either Side May Terminate the Agreement</u>. Plaintiff and Defendant shall each have the right to unilaterally terminate this Agreement by providing written notice of his or its

20

election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

        a.      the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

        b.      an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

        c.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that is material, unless such modification or amendment is accepted in writing by all Parties;

        d.      the Effective Date does not occur; or

        e.      any other ground for termination provided for elsewhere in this Agreement occurs.

    **14.02**   Termination if Large Number of Opt–Outs. If, as of the Opt-Out Deadline, more than 1,000 Settlement Class Members have opted-out of the Settlement pursuant to Section 10, Wells Fargo shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline.

    **14.03**   Revert to Status Quo. If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to Wells Fargo, but such payments shall constitute recoverable costs to the extent allowed by law.

XV.    <strong><u>NO ADMISSION OF LIABILITY</u></strong>

    **15.01**  Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the Action. Defendant has denied and continues to deny each and every

21

material factual allegation and all claims asserted against it in the Action.  Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein shall constitute an admission by Defendant that the Action is properly brought on a class or representative basis, or that classes may be certified in the Action, other than for settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Wells Fargo or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Wells Fargo in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

   **15.02**   Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## XVI.    TAXES

   **16.01**   Qualified Settlement Fund. The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B 1.  The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section 13, including, if necessary, the "relation back election" (as defined in Treas. Reg. §1.468B 1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the

22

necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**16.02**   Claims Administrator is "Administrator". For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund. The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B 2(k)). Such returns shall reflect that all Taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**16.03**   Taxes Paid by Administrator. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Wells Fargo or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes shall be paid by the Claims Administrator from the Settlement Fund.

**16.04**   Expenses Paid from Fund. Any expenses reasonably incurred by the Claims Administrator in carrying out its duties , including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund.

**16.05**   Responsibility for Taxes on Distribution. Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

**16.06**   Defendant Is Not Responsible. In no event shall Wells Fargo or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold Wells Fargo and the other Released Parties harmless for all such taxes and tax-related

expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## XVII.    MISCELLANEOUS

**17.01**  Entire Agreement.  This Agreement and the exhibits hereto constitute the entire agreement between the Parties.  Any previous memoranda regarding settlement are superseded by this Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**17.02**  Governing Law.  This Agreement shall be governed by the laws of the State of Georgia.

**17.03**  Non-Waiver Of Debts/Obligations Owing By Class Members.  The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by Plaintiff or Settlement Class Members to Defendant and/or its clients, principals and their related or affiliated entities.  This Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Plaintiff or Settlement Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendant and its clients, principals and their related or affiliated entities. The Settlement and any and all payments to class members that may arise from the Settlement shall in no way re-trigger/re-activate the statute of limitations for any alleged debts that class members may owe Wells Fargo.

**17.04**  Jurisdiction.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

**17.05**  No Construction Against Drafter. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**17.06**  Resolution of Disputes. The Parties shall cooperate in good faith in the

24

administration of this Settlement and agree to use their best efforts to promptly file a motion for preliminary approval with the Court. Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

    **17.07** <u>Counterparts</u>. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

    **17.08** <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and deadlines set by Court order may only be modified upon order of the Court.

    **17.09** <u>Authority</u>. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

    **17.10** <u>No Oral Modifications</u>. This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiff, and approved by the Court.

    **17.11** <u>Publicity and Confidentiality</u>. Subject to Section 8.05, the Parties agree that they will not initiate any publicity of the Settlement and will not respond to requests by any media (whether print, online, or any traditional or non-traditional form) about the Settlement. Notice of the Settlement will be delivered exclusively through the notice process set forth in Section 8, above.

    **17.12** <u>Notices</u>. Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

    If to Class Counsel:

        Alexander H. Burke
        Burke Law Offices, LLC
        155 North Michigan Avenue, Suite 9020
        Chicago, IL 60601
        Telephone: (312) 729-5288
        aburke@burkelawllc.com

        Daniel M. Hutchinson
        Lieff Cabraser Heimann & Bernstein, LLP

275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com

If to Counsel for Defendant

John C. Lynch
David M. Gettings
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
john.lynch@troutmansanders.com
david.gettings@troutmansanders.com

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to

be executed, dated as of February _____, 2017.

DATED: _2/16/2017_                    Plaintiff Frederick Luster


DATED: _____         Defendant Wells Fargo Bank, N.A.


                                       Name: _____

                                       Title: _____


APPROVED AS TO FORM AND CONTENT:

DATED: _____         TROUTMAN SANDERS LLP


                                       By: _____
                                            John C. Lynch
                                            David M. Gettings
                                            Attorneys for Defendant Wells Fargo

26

275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com

If to Counsel for Defendant

John C. Lynch
David M. Gettings
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
john.lynch@troutmansanders.com
david.gettings@troutmansanders.com

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of February ____, 2017.

DATED: _____        Plaintiff Frederick Luster

                                       _____

DATED: _8/15/17_____        Defendant Wells Fargo Bank, N.A.

                                       Name: _Kevin M. Martin Sharp_
                                       Title: _Head of Dealer Services_

APPROVED AS TO FORM AND CONTENT:
DATED: _2/15/17_____        TROUTMAN SANDERS LLP

                                       By: _____
                                           John C. Lynch
                                           David M. Gettings
                                           Attorneys for Defendant Wells Fargo

26

DATED: 2/16/17

BURKE LAW OFFICES, LLC

By: _____
   Alexander H. Burke
   Class Counsel


DATED: _____

LIEFF CABRASER HEIMANN &
BERNSTEIN LLP


By: _____
   Daniel M. Hutchinson
   Class Counsel


DATED: _____

GREENWALD DAVIDSON RADBIL PLLC


By: _____
   Aaron D. Radbil
   Michael L. Greenwald
   Class Counsel


DATED: _____

SKAAR & FEAGLE


By: _____
   James M. Feagle
   Class Counsel


DATED: _____

KEOGH LAW, LTD.


By: _____
   Keith James Keogh
   Class Counsel


DATED: _____

MEYER WILSON CO., LPA


27

DATED: _____     BURKE LAW OFFICES, LLC


                               By: _____
                                      Alexander H. Burke
                                      Class Counsel


DATED: _February 16, 2017___   LIEFF CABRASER HEIMANN &
                               BERNSTEIN LLP

                               By: _____
                                      Daniel M. Hutchinson
                                      Class Counsel


DATED: _____     GREENWALD DAVIDSON RADBIL PLLC


                               By: _____
                                      Aaron D. Radbil
                                      Michael L. Greenwald
                                      Class Counsel


DATED: _____     SKAAR & FEAGLE


                               By: _____
                                      James  M. Feagle
                                      Class Counsel



DATED: _____     KEOGH LAW, LTD.


                               By: _____
                                      Keith James Keogh
                                      Class Counsel


DATED: _____     MEYER WILSON CO., LPA

DATED: _____        BURKE LAW OFFICES, LLC


                              By: _____
                                    Alexander H. Burke
                                    Class Counsel


DATED: _____        LIEFF CABRASER HEIMANN &
                              BERNSTEIN LLP


                              By: _____
                                    Daniel M. Hutchinson
                                    Class Counsel


DATED: 2 - 16 - 17            GREENWALD DAVIDSON RADBIL PLLC

                              By: _____
                                    Aaron D. Radbil
                                    Michael L. Greenwald
                                    Class Counsel


DATED: 2-16-2017              SKAAR & FEAGLE

                              By: _____
                                    James M. Feagle
                                    Class Counsel


DATED: 2-16-17                KEOGH LAW, LTD.

                              By: _____
                                    Keith James Keogh
                                    Class Counsel


DATED: _____        MEYER WILSON CO., LPA


27

DATED: _____        BURKE LAW OFFICES, LLC


                               By: _____
                                     Alexander H. Burke
                                     Class Counsel


DATED: _____        LIEFF CABRASER HEIMANN &
                               BERNSTEIN LLP


                               By: _____
                                     Daniel M. Hutchinson
                                     Class Counsel


DATED: _____        GREENWALD DAVIDSON RADBIL PLLC


                               By: _____
                                     Aaron D. Radbil
                                     Michael L. Greenwald
                                     Class Counsel


DATED: _____        SKAAR & FEAGLE


                               By: _____
                                     James M. Feagle
                                     Class Counsel


DATED: _____        KEOGH LAW, LTD.


                               By: _____
                                     Keith James Keogh
                                     Class Counsel


DATED: _2/16/17_____        MEYER WILSON CO., LPA

By: _____
    Matthew R. Wilson
    Class Counsel

DATED: _____     LAW OFFICES OF DOUGLAS J.
                                   CAMPION, APC


                                   By: _____
                                       Douglas J. Campion
                                       Class Counsel


DATED: _____     KAZEROUNI LAW GROUP, APC


                                   By: _____
                                       Abbas Kazerounian
                                       Class Counsel


DATED: _____     HYDE & SWIGART


                                   By: _____
                                       Joshua B. Swigart
                                       Class Counsel


29872650

28

By: _____
      Matthew R. Wilson
      Class Counsel

DATED: _2 - 16 - 17_

LAW OFFICES OF DOUGLAS J.
CAMPION, APC

By: _____
      Douglas J. Campion
      Class Counsel

DATED: _____

KAZEROUNI LAW GROUP, APC

By: _____
      Abbas Kazerounian
      Class Counsel

DATED: _____

HYDE & SWIGART

By: _____
      Joshua B. Swigart
      Class Counsel

29872650

28

By: _____
       Matthew R. Wilson
       Class Counsel

DATED: _____

LAW OFFICES OF DOUGLAS J.
CAMPION, APC

By: _____
       Douglas J. Campion
       Class Counsel

DATED: ___02/16/17_____

KAZEROUNI LAW GROUP, APC

By: _____
       Abbas Kazerounian
       Class Counsel

DATED: ___02/16/17_____

HYDE & SWIGART

By: _____
       Joshua B. Swigart
       Class Counsel

29872650

28

# **<u>Exhibit A</u>**

**Claim Form**
**Luster v. Wells Fargo Dealer Services, Inc.**

(This claim form should only be used if a claim is being mailed in and is not being filed online at www.LusterWellsFargoTCPA.com or through the telephone claim filing services at 1-XXX-XXX-XXXX.)

---

## NAME

First Name: _____

Last Name: _____

---

## CURRENT ADDRESS AND PHONE NUMBER

Street Address 1: _____

Street Address 2: _____

City: _____

State: _____

Postal Code / Zip Code: _____

Current Phone Number: _____

---

## CLAIM ID NUMBER

Claim ID: _____
              (If known; this number is on the front of the postcard you may have received.)

---

## APPLICABLE CELL PHONE NUMBER

Cell Phone Number to which you received a Wells Fargo Call: _____

(Your cell phone number must be listed in our records as one called by Wells Fargo and included in the Settlement. If you are not certain which of your cell phone numbers may have been called, you may submit each of them separately.)

---

## CERTIFICATION

By submitting this Claim Form, I certify that I received a call or text on the cell phone number above from Wells Fargo in connection with an automobile retail installment sale contract, without my prior express consent.

---

**Please submit your completed claim form, postmarked no later than [date] to:**
**Luster Wells Fargo TCPA Settlement, c/o KCC Class Action Services, P.O. Box XXXXX, [City, State  ZIP]**

# **<u>Exhibit B</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FREDERICK LUSTER, | : | |
| on behalf of himself and all | : | |
| others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:15-cv-01058-TWT |
| v. | : | |
| | : | |
| WELLS FARGO DEALER | : | |
| SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on [DATE], notice of the

Final Approval Hearing having been duly given in accordance with this Court's

Order: (1) Conditionally Certifying a Settlement Class, (2) Preliminarily

Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting

Final Approval Hearing ("Preliminary Approval Order"), and having considered

all matters submitted to it at the Final Approval Hearing and otherwise, and finding

no just reason for delay in order of this dismissal and good cause appearing

therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Settlement Agreement dated February 16, 2017, including its

exhibits (the "Settlement Agreement"), and the definition of words and terms

contained therein are incorporated by reference in this Order.  The terms of this

Court's Preliminary Approval Order are also incorporated by reference in this

Order.

2.      This Court has jurisdiction over the subject matter of the Action and

over the Parties, including all members of the following Settlement Class certified

for settlement purposes in this Court's Preliminary Approval Order:

> **SETTLEMENT CLASS**:  All users or subscribers to a wireless or
> cellular telephone service within the United States who used or
> subscribed to a phone number to which Wells Fargo Dealer Services
> made or initiated any collection Call during the Class Period, in
> connection with an automobile retail installment sale contract, using
> any automated dialing technology or artificial or prerecorded voice
> technology, according to Wells Fargo's available records.
>
> Excluded from the Settlement Class are Wells Fargo and any affiliate
> or subsidiary of Wells Fargo, and any entities in which any of such
> companies have a controlling interest, as well as all persons who
> validly opt out of the Settlement Class.

3.      The Court hereby finds that the Settlement Agreement is the product

of arm's-length settlement negotiations between the Plaintiff and Class Counsel,

and Wells Fargo.

4.      The Court hereby finds and concludes that Class Notice was

disseminated to members of the Settlement Class in accordance with the terms set

forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.    The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6.    This Court hereby finds and concludes that the notice provided by the Settlement Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.    The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.  Each Settlement Class Member is hereby bound by the Settlement Agreement.

8.    The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel.

9.     This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

10.     Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.  In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

11.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

12.     The Settlement Agreement (including, without limitation, its exhibits),

and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Wells Fargo, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

13.     If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14.     In the event that any provision of the Settlement or this Order is asserted by Wells Fargo as a defense in whole or in part (including, without

limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

15.    The Court shall address Class Counsel's application for fees and costs, as well as the Plaintiff's request for an incentive award, in a separate Order.

16.    Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

17.    The Court retains jurisdiction of all matters relating to the

- 6 -

interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

IT IS SO ORDERED

Dated:_____        _____
                                     Hon. Thomas W. Thrash, Jr.
                                     United States District Court Judge

# **<u>Exhibit C-1</u>**

<u>United States District Court for the Northern District of Georgia</u>

# IF YOU RECEIVED A CALL OR TEXT FROM WELLS FARGO ON YOUR CELLULAR TELEPHONE IN CONNECTION WITH AN AUTOMOBILE RETAIL INSTALLMENT SALE CONTRACT BY MEANS OF AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR AN ARTIFICIAL OR PRERECORDED VOICE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A consumer brought a lawsuit alleging that Wells Fargo Dealer Services, Inc., a division of Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by using an automatic telephone dialing system and/or an artificial or prerecorded voice to initiate calls or text messages to cell phones ("Automatic Calls") in connection with automobile retail installment sale contracts, and that these Automatic Calls were made without the prior express consent of Class Members. Wells Fargo denies the allegations.

- A settlement has been reached in this case, which affects individuals who received an Automatic Call regarding a Wells Fargo automobile financing account between April 1, 2011 and March 30, 2016.

- The Settlement, if approved, would provide $15,740,473.20 to pay valid and timely claims of those persons who received any of the above-described Automatic Calls from Wells Fargo, as well as to pay Class Counsel's attorneys' fees and costs, a service award to the Class Representative, and administrative costs of the Settlement; avoid the further cost and risk associated with continuing the lawsuit; and release Wells Fargo from further liability.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

- **On the website, www.LusterWellsFargoTCPA.com, there is a complete notice of the Settlement in Spanish. En el sitio web, www.LusterWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español. Para un operador telefónico de habla Español, llame al 1-XXX-XXX-XXXX.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You can submit a valid and timely claim form online at www.LusterWellsFargoTCPA.com or by mail to Luster Wells Fargo TCPA Settlement, c/o KCC, LLC [ADDRESS], or by calling the toll-free number, 1-XXX-XXX-XXXX. If you fail to do so, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue Wells Fargo separately regarding the legal claims in this case. |
| **Exclude Yourself or "Opt Out" of the Settlement** | If you ask to be excluded, you will get no payment. You will also not waive any rights you may have against Wells Fargo with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**............................................................................... **PAGE 4**
1.   Why is there a notice?
2.   What is this class action lawsuit about?
3.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ................................................................ **PAGE 4**
4.   How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ............................... **PAGE 5**
5.   What does the Settlement provide?

**HOW YOU GET A PAYMENT** ..................................................................... **PAGE 6**
6.   How and when can I get a payment?
7.   What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................. **PAGE 7**
8.   How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU**...................................................... **PAGE 8**
9.   Do I have a lawyer in this case?
10.  How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** ........................................................ **PAGE 8**
11.  How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING**......................................................... **PAGE 9**
12.  When and where will the Court decide whether to approve the Settlement?
13.  May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................ **PAGE 10**
14.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**............................................................. **PAGE 11**
15.  How do I get more information?

# BASIC INFORMATION

**1. Why is there a notice?**

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because, according to Wells Fargo's records, you may have received one or more Automatic Calls from Wells Fargo in connection with an automobile retail installment sale contract between April 1, 2011 and March 30, 2016.

The Court in charge of the case is the United District Court for the Northern District of Georgia, and the case is known as *Luster v. Wells Fargo Dealer Services, Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.). The proposed Settlement would resolve all claims in this case. The person who sued is called the Plaintiff and the company sued, Wells Fargo Dealer Services, Inc., a division of Wells Fargo Bank N.A., is called the Defendant and is referred to in this Notice, collectively with Wells Fargo Bank, N.A., as "Wells Fargo."

**2. What are these class action lawsuits about?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Class Representative filed this Action alleging that Wells Fargo violated the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call or text cell phones without the prior express consent of the recipients.

Wells Fargo denies that it did anything wrong, or that this case is appropriate for treatment as a class action.

**3. Why is there a Settlement?**

The Court did not decide in favor of the Plaintiff or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and his attorneys think the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT?

**4. How do I know if I am part of the Settlement?**

The Settlement provides relief for all Class Members, who are described as all users or subscribers to a wireless or cellular telephone service within the United States who used or subscribed to a phone number to which Wells Fargo Dealer Services made or initiated any collection Call during the Class Period (i.e., from April 1, 2011 to March 30, 2016), in connection with an automobile retail installment sale contract, using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records.

Excluded from the Class is Wells Fargo and any affiliate or subsidiary of Wells Fargo, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.

If you have questions about whether you are a Class Member, or are still not sure whether you are

included, you can call 1-XXX-XXX-XXXX or visit www.LusterWellsFargoTCPA.com for more information.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

**5. What does the Settlement provide?**

Wells Fargo has agreed to pay a total settlement amount of $15,740,473.20, which will be used to create a Settlement Fund to pay Cash Awards to Settlement Class Members who submit a valid and timely claim, pay Class Counsel's attorneys' fees and costs, pay a service award to the Class Representative, and pay costs and expenses of settlement administration.

Any remaining monies from uncashed Settlement Awards may be redistributed in further distributions to Class Members who submitted a valid and timely claim and cashed settlement checks.  However, if a further distribution would result in less than $1 per qualifying claimant, the remaining monies will instead be donated to [CY PRES RECIPIENT].

# HOW YOU GET A PAYMENT

**6. How and when can I get a payment?**

Each Class Member who submits a valid and timely Claim Form will receive a Cash Award. A Cash Award is a cash payment. The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be within the range of $50 to $80. Eligible Settlement Class Members may make one claim per associated unique cellular telephone number called.

Claims may be submitted electronically via the Settlement Website, by calling the toll-free number 1-XXX-XXX-XXXX, or by mail to:

Luster Wells Fargo TCPA Settlement, c/o KCC, LLC [ADDRESS]

The Court will hold a hearing on _____, 2017, to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**7. What am I giving up to get a payment or stay in the Class?**

If you are a Class Member, unless you exclude yourself, you can't sue, continue to sue, or be part of any other lawsuit against Wells Fargo about the legal issues in this case, and all of the decisions and judgments by the Court will bind you.

For non-emergency calls or text messages made using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for willful violations, plus an injunction limiting future conduct. However, Wells Fargo has denied that it made any illegal calls or sent any illegal texts to anyone, and in any future lawsuit it will have a full range of potential defenses, including that it had prior express consent to make the calls.  In addition, the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This Settlement permits class members the opportunity to obtain a smaller amount of money, risk-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Wells Fargo from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Class means that you, as well as your respective assigns, executors, administrators, successors and agents, will release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  You further agree that you and they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which you may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from the Released Claims.

"Released Claims" mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate to the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with an automobile retail installment sale contract during the Class Period. Notwithstanding the above, the Parties agree that any claims arising from any Call to the extent it had a telemarketing purpose are not released.  Nothing in the Settlement shall be construed as a waiver of Class Members' rights to contact, in any way or for any purpose, any state or federal agency regarding the activities of any party.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt-out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Wells Fargo on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

**8. How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Luster v. Wells Fargo Dealer Services, Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.). Be sure to include your full name, address, and telephone number. You must also include a statement that you wish to be excluded from the Settlement. **You must mail your exclusion request postmarked no later than [MONTH DAY, YEAR]**, to:

Luster Wells Fargo TCPA Settlement, c/o KCC, LLC, [ADDRESS]

If you ask to be excluded, you will not get any Cash Award and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Wells Fargo in the future.  Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

## THE LAWYERS REPRESENTING YOU

**9. Do I have a lawyer in this case?**

The Court appointed the following law firms to represent you and other Class Members:

Lieff Cabraser Heimann & Bernstein, LLP and Burke Law Offices, LLC have been designated as co-lead class counsel. Meyer Wilson Co., LPA; Skaar & Feagle, LLP, Greenwald Davidson Radbil PLLC; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and Hyde & Swigart have been designated as additional class counsel.

All of these lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

**10. How will the lawyers and class representatives be paid?**

Class Counsel will ask the Court to approve payment of up to $4,722,141.96 (30% of the Settlement Fund) to compensate them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also request an award of $20,000 to the Class Representative, as compensation for his time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys' fees and costs and Class Representative payment may be filed, and must be postmarked, no later than [DATE], which is XXXX days following the filing of Class Counsel's motion for an award of attorneys' fees and costs and Class Representative payment.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**11. How do I tell the Court that I do not think the Settlement is fair?**

You can tell the Court that you don't agree with the Settlement or some part of it. If you are a Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a written statement with the Court saying that you object to the proposed Settlement in *Luster v. Wells Fargo Dealer Services, Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.). Be sure to include your full name, address, current phone number, cellular telephone number(s) Wells Fargo called, the reasons you object to the Settlement, and whether you intend to appear at the fairness hearing on your own behalf or through counsel. All objections shall identify any lawyer that represents you as to the Action or your objection. Any documents that you wish for the Court to consider must also be attached to the objection, and your

objection should also be sent to Class Counsel and counsel for Wells Fargo. **Your objection to the Settlement must be filed no later than [DATE].**

The objection must be provided as follows to the following:

| For Filing: | By Mail: |
|---|---|
| *Luster v. Wells Fargo Dealer Services, Inc.* Case No. 1:15-cv-01058-TWT (N.D. Ga.). Clerk of the Court U.S. District Court for the Northern District of Georgia 2211 United States Courthouse 75 Ted Turner Drive, SW Atlanta, GA 30303 | Daniel M. Hutchinson Lieff Cabraser Heimann & Bernstein, LLP Embarcadero Center West 275 Battery Street, 29th Floor San Francisco, CA 94111 <br><br> Alexander H. Burke Burke Law Offices, LLC 155 N. Michigan Ave., Suite 9020 Chicago, IL 60601 <br><br> *Attorneys for Plaintiff and the Settlement Class* <br><br> John C. Lynch David M. Gettings Troutman Sanders, LLP 222 Central Park Ave., Suite 2000 Virginia Beach, VA 23462 <br><br> *Attorneys for Defendant* |

# THE FAIRNESS HEARING

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held at  on _____, 2017, at the United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, in Courtroom 2108. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and an incentive award as described above, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

### 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Luster v. Wells Fargo Dealer Services, Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.). Be sure to include your full name, address, and telephone number. Your letter stating your notice of intention to appear must be postmarked no later than [date], and be sent

to the Clerk of the Court, United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You cannot speak at the hearing if you exclude yourself.

# IF YOU DO NOTHING

**14. What happens if I do nothing at all?**

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement and any appeals are resolved. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wells Fargo about the legal issues in this case ever again.

# GETTING MORE INFORMATION

**15. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at 1-XXX-XXX-XXXX, writing to: Luster Wells Fargo TCPA Settlement, c/o KCC, LLC, [ADDRESS]; or visiting the website at www.LusterWellsFargoTCPA.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

On the website, www.LusterWellsFargoTCPA.com, there is a complete notice of the Settlement in Spanish.  En el sitio web, www.LusterWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español.

# **<u>Exhibit C-2</u>**

Confirmation No: WF2011111111

**Luster v. Wells Fargo TCPA Settlement Claim Form**
**THIS CLAIM FORM MUST BE <u>POSTMARKED</u> BY _____ AND MUST BE FULLY COMPLETED.**
**You may also submit your claim online at www.LusterWellsFargoTCPA.com or by calling 1-XXX-XXX-XXXX.**

Full Name:
bbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbb

Address:
bbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbb

City:                                          State:      Zip:              Zip 4 (optional):
bbbbbbbbbbbb                    bb       bbbbb - bbbb

Contact Phone Number:                    Cell Phone Number to which You Received a Call:
(www) www - wwwww        (www) www - wwwww

(Your cell phone number must be listed in our records as one of the phone numbers that was called by Wells Fargo and
included as part of the Settlement. If you are not certain which of your cell phone numbers may have been called, you may
submit each of them separately.)

**CERTIFICATION**

By submitting this Claim Form, I certify that I received a call or text from Wells Fargo in connection with an
automobile retail installment sale contract, without my prior express consent.

This process takes time; please be patient.

**Para ver este aviso en español, visite www.LusterWellsFargoTCPA.com;**
**For more information, visit www.LusterWellsFargoTCPA.com.**

## LEGAL NOTICE

*Luster v. Wells Fargo*,
1:15-cv-01058-TWT (N.D. Ga.)

A settlement has been proposed in this lawsuit pending in the U.S. District Court for the Northern District of Georgia ("Court").

This case claims that Wells Fargo Dealer Services, Inc., a division of Wells Fargo Bank, N.A. ("Wells Fargo"), violated the Telephone Consumer Protection Act by calling or texting cell phones in connection with automobile retail installment sale contracts using an automatic telephone dialing system or artificial or prerecorded voice, without consent. Wells Fargo denies it did anything wrong.

Who Is Included? You are included in the Settlement as a "Class Member" if: (1) you live in the United States; and (2) you received one or more call or text to your cell phone from Wells Fargo in connection with an automobile retail installment sale contract between April 1, 2011 and March 30, 2016.

**Luster v. Wells Fargo**
**c/o KCC, LLC**
**P.O. Box XXXXX**
**[City, State  ZIP]**

---

**Forwarding Service Requested**

Claim ID: 1234567890

Confirmation No: WF2011111111

JANE CLAIMANT
123 4TH AVE
APT 5
SEATTLE, WA 67890

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

## BUSINESS REPLY MAIL
FIRST–CLASS MAIL     PERMIT NO. 75     DUBLIN, OH

POSTAGE WILL BE PAID BY ADDRESSEE

LUSTER WELLS FARGO TCPA SETTLEMENT
C/O KCC, LLC
P.O. BOX XXXXX
[CITY, STATE  ZIP]

*Luster v. Wells Fargo Dealer Services, Inc.,* Case No. 1:15-cv-01058-TWT (N.D. Ga.) **You might get a payment from this Settlement.**
**Summary of the Settlement**: Under the proposed Settlement, Wells Fargo has agreed to establish a Settlement Fund of $15,740,473.20 to: pay Class Members who make valid and timely claims; pay a service award of no more than $20,000 to the Class Representative; pay attorneys' fees and costs awarded by the Court (Plaintiff will ask the Court to award fees of up to 30% of the Settlement Fund, or $4,722,141.96); and pay settlement notice and administration costs. Any remaining monies from uncashed settlement checks may be redistributed or paid to a non-profit; with the proposed recipient(s) to be posted on the settlement website. This is a summary notice only; additional details of the Settlement can be found at www.LusterWellsFargoTCPA.com or by calling 1-XXX-XXX-XXXX. **Can I Get Money from the Settlement?** Yes, each Class Member who submits a valid and timely Settlement Claim will receive a cash award. How much each Class Member receives depends on how many people make approved claims. Class Counsel estimate that the amount of the cash award may be within the range of $50 to $80. **How Do I Make A Settlement Claim?** You can make a claim by either: 1) calling 1-XXX-XXX-XXXX; 2) submitting one online at www.LusterWellsFargoTCPA.com; or 3) mailing a completed Claim Form downloaded from the Settlement website to the KCC address below. **Do I Have a Lawyer?** Yes. The Court has appointed lawyers from the following firms to represent Class Members: Lieff Cabraser Heimann & Bernstein, LLP and Burke Law Offices, LLC have been appointed co-lead class counsel; and Greenwald Davidson Radbil PLLC; Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and Hyde & Swigart have been designated as additional class counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance through your own attorney if you so desire. **What Should I Do?** Class Members have four options: (1) Submit a Claim to the Claims Administrator for a share of the Settlement Fund by _____. If the Settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit. (2) Remain a Class Member but object to the Settlement. Instructions for objecting are available at www.LusterWellsFargoTCPA.com. Objections and supporting documents must be sent to Class Counsel and defense counsel, and filed with the Court by _____. You may choose to pay for and be represented by a lawyer who may send the objection for you. (3) Exclude yourself from the Settlement by mailing a request to the Claims Administrator (not the Court). You must state in writing your name, address, and telephone number, and that you want to be excluded from the Settlement. Exclusions must be postmarked no later than _____. (4) Do Nothing: If you do nothing, you will remain part of the Settlement Class and will release your claims against the Released Parties, but you will not receive any money from this Settlement. **Scheduled Hearing**: The judge scheduled a hearing for [date], 2017, at [time] in Courtroom 2108 of the U.S. District Court, Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs and class representative award. The hearing may be changed without notice. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**
**For more information,** contact the Claims Administrator: Visit: www.LusterWellsFargoTCPA.com; Call: 1-XXX-XXX-XXXX; Or Write: Luster Wells Fargo TCPA Settlement, c/o KCC, LLC, P.O. Box XXXXX, [City, State  ZIP].

# **<u>Exhibit D</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FREDERICK LUSTER, | : | |
| on behalf of himself and all | : | |
| others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:15-cv-01058-TWT |
| v. | : | |
| | : | |
| WELLS FARGO DEALER | : | |
| SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A
SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4)
SETTING FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiff's motion for

preliminary approval of the proposed class action settlement of the above-

captioned case (the "Action") between Plaintiff Frederick Luster, individually and

on behalf of the Settlement Class ("Plaintiff"), and Wells Fargo Dealer Services,

Inc. and its corporate parent Wells Fargo Bank, N.A. (together, "Defendant" or

"Wells Fargo"), as set forth in the Parties' Settlement Agreement and Release (the

"Agreement," which memorializes the "Settlement").  Having duly considered the

papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2.      Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3.      The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness.  Based on this evaluation, the Court finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted.  Therefore, the Court grants preliminary approval of the Settlement.

4.      The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All users or subscribers to a wireless or cellular telephone service within the United States who used or subscribed to a phone number to which Wells Fargo Dealer Services made or initiated any collection Call during the Class Period, in connection with an automobile retail installment sale contract, using any automated dialing technology or

2

artificial or prerecorded voice technology, according to Wells Fargo's available records.

Excluded from the Settlement Class are Wells Fargo and any affiliate or subsidiary of Wells Fargo, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.

5.     The Court hereby appoints Frederick Luster as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.     The Court appoints Lieff Cabraser Heimann & Bernstein, LLP and Burke Law Offices, LLC as co-lead Class Counsel, and Greenwald Davidson Radbil PLLC, Meyer Wilson Co., LPA, Skaar & Feagle, LLP, Keogh Law Ltd., Kazerouni Law Group, APC, Law Offices of Douglas J. Campion, APC, and Hyde & Swigart as additional Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.     On **[DATE]**, in Courtroom 2108 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for

3

attorneys' fees and expenses, and incentive award to Plaintiff, should be granted, and in what amount.  No later than **[DATE]**, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the incentive award to the Class Representative.  No later than **[DATE]**, which is fourteen (14) days prior to the Final Approval Hearing,  Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections.  Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than **[DATE]**.

8.     Pursuant to the Agreement, KCC Class Action Services, LLC is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

9.     The Court approves the proposed Notice Plan for giving notice to the Settlement Class (i) directly (using postcards), (ii) through an internet publication notice campaign; (iii) through a toll-free telephone number; (iv) through a press release; and (v) by establishing a Settlement Website at the web address of www.LusterWellsFargoTCPA.com, as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator

4

to complete all aspects of the Notice Plan no later than **[DATE]**, in accordance with the terms of the Agreement.

10.     The Claims Administrator will file with the Court by no later than **[DATE]**, which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11.     Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **[DATE]**, which are both sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out.  If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

12.     To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline.  In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and telephone number, and must state in writing that he or she wishes to be excluded from the Settlement.  No Request for Exclusion

5

will be valid unless all of the information described above is included.  No
Settlement Class Member, or any person acting on behalf of or in concert or
participation with that Settlement Class Member, may exclude any other
Settlement Class Member from the Settlement Class; however, nothing herein shall
prevent Class Members from obtaining the assistance of another, such as a lawyer
or family member, in preparing or submitting any individual exclusion.

13.    If a timely and valid Request for Exclusion is made by a member of
the Settlement Class, then that person will not be a Settlement Class Member, and
the Agreement and any determinations and judgments concerning it will not bind
the excluded person.

14.    All Settlement Class Members who do not opt out in accordance with
the terms set forth in the Agreement will be bound by all determinations and
judgments concerning the Agreement.

15.    To object to the Settlement, Settlement Class Members must follow
the directions in the Notice and file a written Objection with the Court by the
Objection Deadline.  In the written Objection, the Settlement Class Member must
state his or her full name, address, current telephone number, and cellular
telephone number(s) that the Settlement Class Member alleges received a call from
Defendant.  He or she must also state the reasons for his or her Objection, and

6

whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection. Any and all objections shall identify any lawyer that represents the Settlement Class Member as to the case or such objection. No Objection will be valid unless all of the information described above is included. Copies of all papers filed with the Court must be simultaneously delivered to Class Counsel and counsel for the Defendant. The Parties will have the right to depose any objector as to the basis and circumstances of his or her objection, and to assess the objector's standing.

16.     If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the incentive award in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must file a notice of intention to appear with the Court and serve a copy upon Class Counsel and Defendant's Counsel no later than the Objection/Opt-Out Deadline, and comply with all other requirements of the Court for such an appearance.

17.     Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final

Approval Hearing in accordance with the terms of this Order, above and as

detailed in the Notice, and at the same time provide copies to Class Counsel and

Defendant's Counsel, shall not be permitted to object to the Agreement at the Final

Approval Hearing, shall be foreclosed from seeking any review of the Agreement

by appeal or other means, shall be deemed to have waived his, her, or its

objections, and shall be forever barred from making any such objections in the

Action.  All members of the Settlement Class, except those members of the

Settlement Class who submit timely Requests for Exclusion, will be bound by all

determinations and judgments in the Action, whether favorable or unfavorable to

the Settlement Class.

18.     Pending the final determination of whether the Settlement should be

approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

If the Settlement is terminated or final approval does not for any reason occur, the

stay will be immediately terminated.

19.     If the Settlement is not approved or consummated for any reason

whatsoever, the Settlement and all proceedings in connection with the Settlement

will be without prejudice to the right of Defendant or the Settlement Class

Representative to assert any right or position that could have been asserted if the

Agreement had never been reached or proposed to the Court.  In such an event, the

Parties will return to the *status quo ante* in the Action and the certification of the

Settlement Class will be deemed vacated.  The certification of the Settlement Class

for settlement purposes, or any briefing or materials submitted seeking certification

of the Settlement Class, will not be considered in connection with any subsequent

class certification decision.

20.     The Agreement and any and all negotiations, documents, and

discussions associated with it, will not be deemed or construed to be an admission

or evidence of any violation of any statute, law, rule, regulation, or principle of

common law or equity, or of any liability or wrongdoing, by Defendant, or the

truth of any of the claims, and evidence relating to the Agreement will not be

discoverable or used, directly or indirectly, in any way, whether in the Action or in

any other action or proceeding, except for purposes of demonstrating, describing,

implementing, or enforcing the terms and conditions of the Agreement, this Order,

and the Final Judgment and Order of Dismissal.

21.     Counsel are hereby authorized to use all reasonable procedures in

connection with approval and administration of the Settlement that are not

materially inconsistent with this Order or the Agreement, including making,

without further approval of the Court, minor changes to the form or content of the

Notice and Claim Form, and other exhibits that they jointly agree are reasonable

9

and necessary.  The Court reserves the right to approve the Agreement with such

modifications, if any, as may be agreed to by the Parties without further notice to

the members of the Class.

      22.    Accordingly, the following are the deadlines by which certain events

must occur:

| | |
|---|---|
| **[DATE]**<br>[25 calendar days after the date of this order] | Deadline to Provide Class Notice |
| **[DATE]**<br>[30 days after the Settlement Notice Date, adjusted for the weekend] | Deadline for Plaintiff's Motion for Attorneys' Fees and Incentive Award |
| **[DATE]**<br>[60 days after the Settlement Notice Date] | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| **[DATE]**<br>[14 days before the Final Approval Hearing] | Deadline for Parties to File the Following:<br>(1) List of Class Members who Made Timely and Proper Requests for Exclusion;<br>(2) Proof of Class Notice and CAFA Notice (to be filed by the Administrator); and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **[DATE]**<br>[90 days after the Settlement Notice Date] | Deadline for Settlement Class Members to Submit a Claim Form |
| **[DATE]**, at **[TIME]** | Final Approval Hearing |

SO ORDERED.


Dated:_____   _____
                               Hon. Thomas W. Thrash, Jr.
                               United States District Court Judge